IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

---

| | |
|---|---|
| PATRICK PIZZELLA, ACTING SECRETARY OF LABOR, UNITED STATES DEPARTMENT OF LABOR, | : : : |
| Plaintiff, | : |
| v. | :  CIVIL NO.:  1:19-02913 |
| HERBERT E. LONG III and LEGION DESIGN/ CAMPBELL & ASSOCIATES CHARTERED 401(k) PLAN, | : : : |
| Defendants. | : |

---

## COMPLAINT

Patrick Pizzella, Acting Secretary of Labor, United States Department of Labor, alleges the following:

### JURISDICTION AND VENUE

1.  This cause of action arises under the Employee Retirement Income Security Act of 1974 ("ERISA"), 29 U.S.C. § 1001, *et seq.*, and is brought by the Acting Secretary of Labor under Sections 502(a)(2) and (5) of ERISA, 29 U.S.C. §§ 1132(a)(2) and (5), to enjoin acts and practices which violate the provisions of Title I of ERISA, to obtain appropriate relief for breaches of fiduciary duty under ERISA Section 409, 29 U.S.C. § 1109, and to obtain such other further relief as may be appropriate to redress violations and enforce the provisions of Title I of ERISA.

2.  This Court has subject matter jurisdiction over this action pursuant to Section 502(e)(1) of ERISA, 29 U.S.C. § 1132(e)(1).

3.  Legion Design/Campbell & Associates Chartered 401(k) Plan (the "401(k) Plan"

or the "Plan") is an employee benefit plan within the meaning of Section 3(3) of ERISA, 29 U.S.C. § 1002(3), and is therefore subject to the coverage of the Act, pursuant to Section 4(a) of ERISA, 29 U.S.C. § 1003(a). The Plan is administered in the District of Columbia.

4. Venue with respect to this action lies in the United States District Court for the District of Columbia, pursuant to Section 502(e)(2) of ERISA, 29 U.S.C. § 1132(e)(2), because the 401(k) Plan was administered in this district and the breaches of fiduciary duty alleged in this Complaint took place in this district.

## THE PARTIES

5. The Acting Secretary of Labor, pursuant to Sections 502(a)(2) and (5) of ERISA, 29 U.S.C. §§ 1132(a)(2) and (5), has the authority to enforce the provisions of Title I of ERISA by, among other means, the filing and prosecution of claims against fiduciaries and others who commit violations of ERISA.

6. During all relevant times, Herbert E. Long III ("Long") was the Chief Executive Officer and Director of Operations of Legion Design and a named trustee of the Plan. Long conducted his duties for Legion Design and made Plan-related decisions while working out of Legion Design's office in the District of Columbia.

7. As Chief Executive Officers and Director of Operations, Long managed the day-to-day operations of the company and oversaw the company's payroll functions. As trustee of the Plan, Long exercised discretionary authority and control over the management of the Plan, exercised authority or control respecting management and disposition of the Plan's assets, and exercised discretionary authority or discretionary responsibility in the administration of the Plan. Long is therefore a fiduciary of the Plan within the meaning of Section 3(21) of ERISA, 29 U.S.C. § 1002(21), and a party-in-interest as that term is defined in Sections 3(14)(A) and (H) of

ERISA, 29 U.S.C. §§ 1002(14) (A) and (H).

8. The 401(k) Plan is joined as a party defendant pursuant to Rule 19(a) of the Federal Rules of Civil Procedure solely to assure that complete relief can be granted.

## GENERAL ALLEGATIONS

9. Legion Design/Campbell & Associates Chartered ("Legion Design") was incorporated under the laws of Delaware, but during all relevant times it operated and had an office in the District of Columbia where it was registered as a foreign entity.  Upon information and belief, Legion Design is no longer operating as a going concern.

10. Legion Design established the 401(k) Plan in July 1987 and amended and restated provisions of the Plan, effective August 12, 2015.  During all relevant times, Legion Design was the named administrator of the Plan with discretionary responsibility for the management and operation of the Plan.  The Plan permitted participants to contribute a portion of their wages and compensation to the Plan as elective salary deferrals ("employee contributions") through payroll deductions.

11. For payroll periods between approximately March 2015 and July 2016 ("the relevant time"), Legion Design deducted money from the participants' pay as employee contributions or participant loan repayments that the participants intended Legion Design to transfer to the Plan.  During the relevant time, Legion Design and Long failed to remit $43,117.16 in employee contributions and $2,942.49 in participant loan repayments to the Plan.  In addition, Legion Design and Long remitted some employee contributions and participant loan repayments late without interest.  As of September 24, 2019, the interest owed to the Plan on the missing contributions totaled $8,918.93.

12. Unremitted employee contributions and participant loan repayments are assets of

3

the Plan under ERISA.  Long failed to segregate the Plan's assets from the general assets of Legion Design.

13. Long failed to ensure that the Plan's assets described in paragraphs 11 and 12, *supra*, were remitted to the Plan.

14. Long knew that Legion Design had violated ERISA in connection with employee contributions, but did not undertake reasonable efforts under the circumstances to remedy the breaches of fiduciary duty and prohibited transactions.

## CAUSES OF ACTION

15. Pursuant to Rule 10(c) of the Federal Rules of Civil Procedure, the Acting Secretary of Labor adopts by reference the averments and allegations of paragraphs 1 through 14 inclusive.

16. By the actions and conduct alleged in paragraphs 1 through 14, Long, as a fiduciary of the Plan:

   a. failed to ensure that all assets of the Plan were held in trust by one or more trustees, in violation of Section 403(a) of ERISA, 29 U.S.C. § 1103(a);

   b. failed to ensure that the assets of the Plan did not inure to the benefit of the company in violation of Section 403(c)(1) of ERISA, 29 U.S.C. § 1103(c)(1);

   c. failed to discharge his duties with respect to the Plan solely in the interest of the participants and beneficiaries and for the exclusive purpose of providing benefits to participants and their beneficiaries and defraying reasonable expenses of administering the Plan, in violation of Section 404(a)(1)(A) of ERISA, 29 U.S.C. § 1104(a)(1)(A);

    d.    failed to discharge his duties with respect to the Plan solely in the interest of the participants and beneficiaries and with the care, skill, prudence, and diligence under the circumstances then prevailing that a prudent person acting in a like capacity and familiar with such matters would use in the conduct of an enterprise of a like character and with like aims, in violation of Section 404(a)(1)(B) of ERISA, 29 U.S.C. § 1104(a)(1)(B);

    e.    caused the Plan to engage in transactions which he knew or should have known constituted the direct or indirect transfer of Plan assets to, or use of Plan assets by or for the benefit of a party-in-interest, in violation of Section 406(a)(1)(D) of ERISA, 29 U.S.C. § 1106(a)(1)(D); and,

    f.    caused the Plan to incur monetary losses as a result of his fiduciary breaches and his knowing participation in prohibited transactions for which he is personally liable to reimburse the Plan under Section 409(a) of ERISA, 29 U.S.C. § 1109(a).

## PRAYER FOR RELIEF

WHEREFORE, the Acting Secretary of Labor prays that this Court issue an ORDER:

a. Requiring Long to restore to the Plan all losses, including interest or lost opportunity costs and the costs of the independent fiduciary, which were caused by their fiduciary misconduct;

b. Requiring the Plan to set off any individual account balance of Long against the amount of losses, including interest or lost opportunity costs and the costs of the independent fiduciary, resulting from the fiduciary breaches of Long, as authorized by 29 U.S.C. § 1056(d)(4), and reallocate it to the non-breaching

participants, if the losses are not otherwise restored to the Plan by defendants;

c. Removing Long as a fiduciary of the Plan and of any employee benefit plan for which Long acts as fiduciary;

d. Permanently enjoining Long from acting directly or indirectly, in any fiduciary capacity, with respect to any employee benefit plan subject to ERISA;

e. Permanently enjoining Long from exercising any custody, control, or decision making authority with respect to the assets of any employee benefit plan covered by ERISA;

f. Appointing an independent fiduciary with plenary authority and control over the management and administration of the Plan, including the authority to marshal assets on behalf of the Plan, to pursue claims on behalf of the Plan, and to take all appropriate action for the termination of the Plan and the distribution of benefits to the Plan's participants and beneficiaries, with all costs to be borne by Long;

g. Ordering Long, his agents, employees, service providers, banks, accountants, and attorneys to provide the Acting Secretary of Labor and the independent fiduciary with all of the books, documents, and records relating to the finances and administration of the Plan, and to make an accounting to the Acting Secretary of Labor and to the independent fiduciary of all contributions to the Plan and all transfers, payments, or expenses incurred or paid in connection with the Plan;

h. Awarding plaintiff, Acting Secretary of Labor, the costs of this action; and

    i.   Awarding such other relief as is equitable and just.

Dated:  September 27, 2019　　　　　　　　　Respectfully submitted,

　　　　　　　　　　　　　　　　　　　　　　KATE S. O'SCANNLAIN
　　　　　　　　　　　　　　　　　　　　　　Solicitor of Labor

　　　　　　　　　　　　　　　　　　　　　　OSCAR L. HAMPTON III
　　　　　　　　　　　　　　　　　　　　　　Regional Solicitor of Labor

　　　　　　　　　　　　　　　　　　　　　　JODEEN M. HOBBS
　　　　　　　　　　　　　　　　　　　　　　Regional Counsel for ERISA

　　　　　　　　　　　　　　　　　　　　　　<u>s/ Geoffrey Forney</u>
　　　　　　　　　　　　　　　　　　　　　　GEOFFREY FORNEY
　　　　　　　　　　　　　　　　　　　　　　Senior Trial Attorney
　　　　　　　　　　　　　　　　　　　　　　United States Department of Labor
　　　　　　　　　　　　　　　　　　　　　　Suite 630 East, The Curtis Center
　　　　　　　　　　　　　　　　　　　　　　170 S. Independence Mall West
　　　　　　　　　　　　　　　　　　　　　　Philadelphia, PA 19106
　　　　　　　　　　　　　　　　　　　　　　215-861-5137/ forney.geoffrey@dol.gov